IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MELVIN L. GOOLSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:17-cv-06069-SJ-SRB |
| | ) |
| PRIMEFLIGHT AVIATION SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S AMENDED SUGGESTIONS IN OPPOSITION
TO DEFENDANT PRIMEFLIGHT AVIATION SERVICES, INC.'S
MOTION TO DISMISS AND ALTERNATIVE MOTION TO
STAY PROCEEDINGS AND COMPEL ARBITRATION**

COMES NOW Plaintiff, by and through counsel, and prays that the Court enter an Order denying Defendant's Motion to Dismiss and Alternative Motion to Stay Proceedings and Compel Arbitration ("Motion to Compel"). In support of this prayer, Plaintiff states:

1) **INTRODUCTION**

Defendant's Motion to Compel should be denied for the following reasons: (a) this Court may decide the enforceability of the arbitration agreement because the delegation clause in the arbitration agreement is unenforceable; (b) the arbitration agreement itself is unenforceable; and (c) Plaintiff's claims for wrongful termination in violation of public policy (*i.e.*, whistleblower claims) are not arbitrable under the terms of the arbitration agreement.

2) **THIS COURT MAY DECIDE THE ARIBTRIBILITY OF THIS MATTER BECAUSE THE DELEGATION CLAUSE IN THE ARBITRATION AGREEMENT IS UNENFORCEABLE**

a) The Delegation Clause is unenforceable because it is unconscionable.

The arbitration agreement at issue is attached hereto as **Exhibit A** ("Arbitration Agreement"). The Arbitration Agreement has a delegation clause ("Delegation Clause"), which

1

purports to delegate to the arbitrator all decisions related to the enforcement or validity of the agreement. Specifically, the Arbitration Agreement states, "The Arbitrator shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including, but not limited to, any claim that any part of this Agreement is unenforceable, void, or voidable." Exhibit A. This Delegation Clause is both procedurally and substantively unconscionable, rendering it unenforceable. Therefore, this Court may decide whether the arbitration agreement as a whole is unconscionable.

A challenge to a clause delegating the determination of the arbitrability of a dispute to an arbitrator must be discretely brought against that clause and not against the arbitration agreement as a whole. *Rent-a-Center v. Jackson*, 130 S. Ct. 2772, 2779 (2010). The district court should hear any challenges brought against a delegation clause contained within an arbitration agreement. *Id.* at 2779. *Rent-a-Center* essentially held that a delegation clause within an arbitration agreement is itself an arbitration agreement, which must be challenged discretely.

By way of these Suggestions in Opposition, Plaintiff brings a discrete challenge to the Delegation Clause itself as unconscionable for the reasons described in this section.

"Thus we examine arbitration agreements in the same light as any other contractual agreement. We apply ordinary state law contract principles to decide whether parties have agreed to arbitrate a particular matter." *Keymer v. Management Recruiters Intern., Inc.*, 169 F.3d 501, 504 (8th Cir. 1999) (internal citations omitted).

A contract, including an arbitration agreement, may be found unenforceable if it is unconscionable.

> [I]t is inaccurate to suggest that an agreement or provision must be separately found to be both procedurally and substantively unconscionable to be invalid. It is more accurate to state that a court will look at both the procedural and substantive aspects of a contract to determine whether,

2

considered together, they make the agreement or provision in question unconscionable.

*Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426 (Mo. banc 2015) (internal citations omitted).

    i)   *The Delegation Clause is procedurally unconscionable.*

The Delegation Clause was a non-negotiable term in a non-negotiable agreement. Non-negotiability is a factor tending to show procedural unconscionability. *Brewer v. Missouri Title Loans*, 364 S.W.3d 486, 493 (Mo. banc 2012). The Delegation clause was presented on a "take-it-or-leave-it" basis, and there was no negotiation between the parties. Defendant is a large national company offering entry-level employment and is clearly in the superior bargaining position. These are all factors that support a finding that the Delegation Clause is procedurally unconscionable. *See Woods v. QC Financial Services, Inc.*, 280 S.W.3d 90, 96 (Mo. App. 2008).

    ii)   *The Delegation Clause is substantively unconscionable.*

The Delegation Clause is substantively unconscionable because it does not reflect the reasonable expectations of the parties at the time Plaintiff was hired.

> Because the bulk of contracts signed in this country are form contracts — a natural concomitant of our mass production-mass consumer society — any rule automatically invalidating adhesion contracts would be completely unworkable. Rather, as with all contracts, the courts seek to enforce the reasonable expectations of the parties garnered not only from the words of a standardized form imposed by its proponent, but from the totality of the circumstances surrounding the transaction. Because standardized contracts address the mass of users, the test for 'reasonable expectations' is objective, addressed to the average member of the public who accepts such a contract, not the subjective expectations of an individual adherent.

*Whitney v. Alltel Communications, Inc.*, 173 S.W.3d 300, 310 (Mo. App. 2005).

> Substantive unconscionability deals with an undue harshness in the contract terms themselves. Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed at the time the contract was made. Indicative of substantive unconscionability are contract terms so one-sided as to oppress or unfairly

3

surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity.

*Woods*, 280 S.W.3d at 96 (internal citations omitted)

In this case, the Delegation Clause is substantively unconscionable because the terms are one-sided, oppressive, unfairly surprising, and provide an overall imbalance of obligations and rights in favor of the stronger party—*i.e.*, the Defendant—as set forth below.

> (1) *The Delegation Clause is substantively unconscionable because it is not bi-lateral. Alternatively, Count III of Plaintiff's Petition is not subject to the Delegation Clause.*

First, the Delegation Clause is substantively unconscionable because it is one-sided and not bilateral. Defendants are placed in a bind: either they must admit that part of Plaintiff's Petition is not subject to the Delegation Clause, or they must admit that their Delegation Clause is not bilateral.

The Arbitration Agreement purports to cover "any and all claims, disputes or controversies arising out of or relating to your… employment with the Company…" However, the Arbitration Agreement carves out certain types of disputes:

> Claims not covered [by this Agreement] are those claims seeking injunctive or declaratory relief due to allegations of unfair competition, unfair business practices, the unauthorized disclosure of trade secrets or confidential information, or the breach of covenants restricting the business activities of the Company or employees.

The types of claims excluded by this sentence are the types of relief that only the Company/Defendant would be reasonably expected to pursue. The idea that the Employee/Plaintiff would pursue a claim for unfair competition or the unauthorized disclosure of trade secrets is absurd. This carve-out states that these injunctive claims filed by the Employer/Defendant are "not covered" meaning that the types of claims only the Defendant would likely pursue are not subject

4

to the Delegation Clause. This carve-out entirely favors the Defendant, rendering the Delegation Clause unilateral, not bilateral.

Defendant may argue that injunctive claims are, in fact, subject to the Delegation Clause, but the plain language of the entire Arbitration Agreement belies any such argument. The injunctive claims are "not covered" by any part of the Agreement, including the Delegation Clause.

In addition, if Plaintiff and Defendant are to be treated equally by the Agreement, Plaintiff's Count III is excluded from the Delegation Clause and the Arbitration Agreement and should move forward in this Court. The Arbitration Agreement states:

> This Agreement does not affect or limit Employee's right to file an administrative charge with a state or federal agency such as the National Labor Relations Board or the Equal Employment Opportunity Commission, and it ***does not cover claims relating to whistleblowers*** and/or unlawful retaliation arising under the Sarbanes-Oxley Act.

(emphasis added). Just like the injunctive claims, the Arbitration Agreement (and, therefore, the Delegation Clause) "does not cover claims relating to whistleblowers…." Plaintiff's Petition's Count III alleges a claim for whistleblowing. The count is not denominated as such, however, the claim is for "Wrongful Termination in Violation of Public Policy," commonly known as the whistleblower exception to the at-will employment doctrine.

Plaintiff anticipates that Defendant will argue that the term "whistleblowers" modifies and relates to the phrase "unlawful retaliation arising under the Sarbanes-Oxley Act." Defendant will likely say that "whistleblowers" is not a separate category apart from SOX retaliation. Again, the plain language of Defendant's own agreement negates this argument. The Arbitration Agreement states, "it does not cover claims relating to whistleblowers **and/or** unlawful retaliation arising under the Sarbanes-Oxley Act" (emphasis added). At best, this phrasing creates an ambiguity as to whether or not "whistleblowers" modifies the term "unlawful retaliation." As the drafter of the document, any ambiguity should be construed against Defendant. *Keymer*, 169 F.3d 505 (applying

5

the rule construing ambiguities against the drafter of a contract to an arbitration agreement in the employment context). The Delegation Clause is unconscionable because it is not bilateral; in the alternative, Count III of Plaintiff's Petition should be heard by this Court.

> (2) *The Delegation Clause is substantively unconscionable because it forces Plaintiff to bear unreasonably high costs.*

If enforced, the Delegation Clause would result in duplicative and unreasonably high costs to be borne by the Plaintiff. The Plaintiff has already paid a fee to file this case. Should arbitration be compelled, even on the matter of the Delegation Clause alone, he will be forced to pay more fees. The fees Plaintiff will be forced to pay are several multiples of a court filing fee. The Arbitration Agreement states that the parties are to be governed by an agreed upon neutral dispute resolution agency or, if there is no agreement, by the rules of the AAA. The AAA has a Standard Fee Schedule for cases claiming damages over $75,000 starting at $1,750 for the "initial fee" and $1,250 for the "final fee." If the Court compels arbitration, even on the delegation issue alone, Plaintiff could be forced to pay $3,000, which is nearly thirty times (30x) more that it cost him to pursue his claims in court.

Plaintiff anticipates that Defendant will argue that the AAA fee schedule for employment related matters will apply. That fee schedule requires the Plaintiff/Employee to pay a $200 filing fee, and the remainder of the fees will be borne by the Defendant/Employer. However, nowhere in the Arbitration Agreement does it state that the Employment fee schedule will be used. Defendant cannot now seek to change the terms of the agreement in order to lessen the harshness to Plaintiff. As stated in *Woods*, substantive unconscionability is measured "at the time the contract was made." 280 S.W.3d at 96.

> (3) *The Delegation Clause is substantively unconscionable because it delegates the arbitrability decision to a person who has a financial incentive to find in favor of arbitrability.*

6

The Delegation Clause is also substantively unconscionable because it delegates the arbitrability decision to a person who has a financial incentive to find in favor of arbitrability. Handing the decision of whether or not this matter is arbitrable to the very person who will make more money if arbitration is ordered is inherently unfair. Not only is it unfair to the Plaintiff, but it is unfair to the arbitrator put in that position. There is no need to impugn any particular arbitrator's motives; no arbitrator has been selected. It is an inherent fact of our economy and our psyches that the profit motive will operate on an arbitrator to weigh in favor of finding a matter is arbitrable. "It is not from the benevolence of the butcher, the brewer, or the baker, that we expect our dinner, but from their regard to their own interest. We address ourselves, not to their humanity but to their self-love, and never talk to them of our necessities but of their advantages." ADAM SMITH, THE WEALTH OF NATIONS, Book I, Chapter II, para 12 (1776).

> (4) *The Delegation Clause is substantively unconscionable because of the limits it would place on Plaintiff's right to seek discovery in this matter.*

Finally, the limits placed on discovery by the Arbitration Agreement force Plaintiff not to seek discovery related to arbitrability. The Arbitration Agreement limits the number of interrogatories to 25, and the number of depositions to two "absent substantial need." Without knowing what an unknown arbitrator may view as "substantial need," Plaintiff risks losing his right to depose witnesses on the substance of his claims if he chooses to depose witnesses to fight the arbitrability of his claims. Defendant provided the sworn statements of two witnesses whose statements could be probed via deposition. Plaintiff may be forced to risk using all of his allotted depositions during arbitrability phase and being left with no substantive depositions.

b) <u>The Delegation Clause is not supported by consideration.</u>

In addition to being unenforceable because of unconscionability, the Delegation Clause fails for lack of consideration. The only possible consideration for the Delegation Clause would

7

be mutual promises or the consideration of Plaintiff's at-will employment. Both of these potential sources of consideration fail; therefore, the Delegation Clause fails.

   i) *The promises in the Delegation Clause are not bilateral.*

As discussed above, the Arbitration Agreement (and therefore the Delegation Clause) is not bilateral, or alternatively, Count III of the Petition is not subject to the Delegation Clause. If it is not bilateral, the Delegation Clause is not supported by mutual promises.

   ii) *At-will employment does not provide consideration*

Under Missouri law, at-will employment does not supply consideration for any term or condition of employment, including an arbitration agreement (or, by extension a delegation clause contained within an arbitration agreement), after the at-will employment ends.

In *Jiminez v. Cintas*, the Court of Appeals for the Eastern District of Missouri held:

> Here, regardless of whether we characterize Jimenez's employment as "new," "future" or "continued," her employment with Cintas was at-will. Under Missouri law, as stated in *Morrow*, terms and conditions of at-will employment are unilaterally imposed on employees, so they "are not enforceable at law as contractual duties," *Morrow*, 273 S.W.3d at 26, and will not create consideration any more in this case than if Jimenez's employment had been "continued" at-will employment. See also *Clemmons*, 397 S.W.3d at 508; *Whitworth*, 344 S.W.3d at 741; *Frye*, 321 S.W.3d at 438 (finding no consideration where the agreement "does not alter the fundamental component of the at-will employment relationship—the ability to quit or be fired at anytime for any reason.").

475 S.W.3d 679, 685 (2015). Missouri law is clear that new at-will employment is not consideration for any terms or conditions of that employment. When the at-will employment ends, so do the terms of that employment. Here, the agreement to arbitrate and the agreement to arbitrate the arbitrability of any claims ended when Plaintiff was terminated.

Plaintiff's acquiescence to the Arbitration Agreement (and, by extension, the Delegation Clause contained therein) was a term and condition of Plaintiff's employment with Defendant. The Arbitration Agreement states:

> ***You must***, however, ***complete the online [Arbitration] Agreement***, along with your application, if you wish to continue the application process and ***if you wish to be employed by the Company***. ***All persons*** who apply for employment with the Company after November 30, 2011, and those ***who become employed as a result of such application, are required to agree to the Dispute Resolution Agreement below***.

(emphasis added). Acceptance of the Arbitration Agreement and Delegation Clause were terms of Plaintiff's employment, and are not consideration for a continuing obligation to arbitrate or delegate to an arbitrator the arbitrability of any dispute. These requirements, if they ever existed, ended when Defendant fired Plaintiff.

### 3) THE ARBITRATION AGREEMENT IS UNENFORCEABLE

As discussed above, the Delegation Clause is unenforceable because it is unconscionable or because it is not supported by consideration. For some of the same reasons discussed in relation to the Delegation Clause, the Arbitration Agreement as a whole is unenforceable. Plaintiff will not rehash in detail each of these arguments.

In summary, the Arbitration Agreement is unenforceable because it is unconscionable. The Arbitration Agreement is procedurally unconscionable because it was presented on a take-it-or-leave-it basis, and there was no negotiation between the parties. Defendant is a large national company offering entry-level employment, and is clearly in the superior bargaining position. These are all factors showing procedural unconscionability.

The Arbitration Agreement is substantively unconscionable. First, it is substantively unconscionable because the Agreement is not bilateral. The vast majority of claims that are excluded from the Arbitration Agreement are claims that only the Employer/Defendant would file

9

Case 5:17-cv-06069-SRB   Document 15   Filed 07/10/17   Page 9 of 11

for injunctive relief. In addition, the Arbitration Agreement would force Plaintiff to bear exceedingly high costs (at least $3,000) to bring an arbitration after already paying filing fees for this lawsuit.

Because the promises made are not bilateral and because an offer of at-will employment does not provide consideration for a continuing agreement, the Arbitration Agreement is not supported by consideration. For all these reasons, Plaintiff asks this Court to find the Arbitration Agreement as a whole unenforceable.

### 4) PLAINTIFF'S WHISTLEBLOWER CLAIMS ARE NOT ARBITRABLE

Defendant's Motion to Compel should be denied, at least in part, because Plaintiff's claims for wrongful termination in violation of public policy (*i.e.*, whistleblower claims) are not arbitrable under the terms of the arbitration agreement. As discussed in detail above, the Arbitration Agreement states:

> This Agreement does not affect or limit Employee's right to file an administrative charge with a state or federal agency such as the National Labor Relations Board or the Equal Employment Opportunity Commission, and it ***does not cover claims relating to whistleblowers*** and/or unlawful retaliation arising under the Sarbanes-Oxley Act.

(emphasis added). Plaintiff's Whistleblower claim is not covered by the Arbitration Agreement.

Plaintiff anticipates that Defendant will argue that the term "whistleblowers" modifies and relates to the phrase "unlawful retaliation arising under the Sarbanes-Oxley Act." Defendant will likely say that "whistleblowers" is not a separate category apart from SOX retaliation. Again, the plain language of Defendant's own agreement negates this argument. The Arbitration Agreement states, "it does not cover claims relating to whistleblowers **and/or** unlawful retaliation arising under the Sarbanes-Oxley Act" (emphasis added). At best, this phrasing creates an ambiguity as to whether or not "whistleblowers" modifies the term "unlawful retaliation." As the drafter of the document, any ambiguity should be construed against Defendant. *Keymer*, 169 F.3d 505 (applying

the rule construing ambiguities against the drafter of a contract to an arbitration agreement in the employment context).

WHEREFORE, for all of the aforementioned reasons, Plaintiff respectfully prays that the Court enter an Order denying Defendant's Motion to Compel.

Respectfully submitted,

**Smith Lawrence, LC**

By:/s/ Jeffrey S. Lawrence #63958
David R. Smith #39088
700 W. 31st Street, Suite 408
Kansas City, MO 64108
Phone: (816) 753-9393
Fax: (816) 778-0957
jeff@smithlawrence.com
david@smithlawrence.com

and

**PLAYTER & PLAYTER, LLC**

/s/ Eric S. Playter
Eric S. Playter, MO #58975
Chris R. Playter, MO #65109
400 SW Longview Boulevard, Suite 220
Lee's Summit, MO 64081
(816) 666-8902
(816) 666-8903 (Facsimile)
eric@playter.com
chris@playter.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served electronically via the Court's notification system this 10th day of July, 2017.

11